UNITED STATES of America, Plaintiff-Appellee,

v.

Johnny Madison WILLIAMS, Jr., Defendant-Appellant.

Nos. 15-30379
15-30380
15-30381
15-30382

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2017 *

Filed March 22, 2017

Helen J. Brunner, Esquire, Assistant U.S. Attorney, DOJ-Office of the U.S. Attorney, Seattle, WA, for Plaintiff-Appellee

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Johnny Madison Williams, Jr., appeals pro se from the district court's order denying his motion to correct the judgment under Federal Rule of Criminal Procedure 36. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Williams contends that the amended judgment should be corrected to apportion his 1104-month aggregate sentence be-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**662**

tween his various crimes of conviction. We review for clear error. *See United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985). Williams is not entitled to relief, because he has not identified any clerical error in the amended judgment. Rather, the amended judgment accurately reflects the district court's oral pronouncement of Williams's sentence. *See* Fed. R. Crim. P. 36; *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing.").

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.